# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1418

_____

Jeremy Rothe-Kushel

*Plaintiff - Appellant*

v.

Jewish Community Foundation of Greater Kansas City; Lauren Hoopes, Executive Director, Jewish Community Foundation of Greater Kansas City; Joshua Stein, Director of Fund Development, Jewish Community Foundation; Kim Rausch, Director of Development, Truman Library Institute; Blair Howell Hawkins

*Defendant*s

Detective Brent Parsons, In his individual capacity

*Defendant - Appellee*

Michael Satter, In his individual capacity; Detective Michael Curley, In his individual capacity; Chief Richard C. Smith, In his official capacity; Leland Shurin, In his official capacity as President and a member of the Board of Police Commissioners; Nathan F. Garrett, In his official capacity as a member of the Board of Police Commissioners; Mark Tolbert, In his official capacity as a member of the Board of Police Commissioners; Don Wagner, In his official capacity as a member of the Board of Police Commissioners; Mayor Sylvester "Sly" James, In his official capacity as a member of the Board of Police Commissioners

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Before GRUENDER, WOLLMAN, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Jeremy Rothe-Kushel appeals the district court's[1] grant of former Kansas City police officer Brent Parsons's motion for summary judgment on Rothe-Kushel's claims that his arrest violated his rights under the First and Fourth Amendments, and constituted a false arrest under state law.

The district court concluded that Parsons, who was hired to provide off-duty security for a lecture held at the Kansas City Public Library and sponsored in part by the Jewish Community Foundation of Greater Kansas City, was entitled to qualified immunity because the arrest of Rothe-Kushel following his participation in a question-and-answer session at the lecture and his ensuing interactions with security, on charges of trespass and obstructing or resisting a public safety officer, was supported by at least arguable probable cause. Having conducted a *de novo* review of the record, see Peterson v. Kopp, 754 F.3d 594, 598 (8th Cir. 2014), we agree with the district court that probable cause, or arguable probable cause, supported Rothe-Kushel's arrest and thereby defeated his claims, see Nieves v. Bartlett, 139 S. Ct. 1715, 1724-25 (2019) (plaintiff's claim that officers violated his First Amendment rights by arresting him in retaliation for his speech failed because officers had probable cause to arrest him); Hoyland v. McMenomy, 869 F.3d 644, 652 (8th Cir.

_____

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

2017) (warrantless arrest is consistent with Fourth Amendment if supported by probable cause, and officer is entitled to qualified immunity if there is at least arguable probable cause, which is mistaken but objectively reasonable belief that suspect committed criminal offense); Blue v. Harrah's North Kansas City, LLC, 170 S.W.3d 466, 479 (Mo. Ct. App. 2005) (police officer who has probable cause to believe that suspect has committed a crime is not liable for state law tort of false arrest simply because suspect is later proven innocent or the charges are dismissed).

We also decline to reach an argument Rothe-Kushel raises for the first time on appeal, see Shelton v. ContiGroup Cos., 285 F.3d 640, 643 (8th Cir. 2002), but nonetheless note the absence of objective evidence in the record to support his contention that police officers generally refrain from arresting persons under similar circumstances, within the narrow exception to the doctrine that probable cause defeats a retaliatory arrest, as set forth in Nieves, 139 S. Ct. at 1727.

The judgment is affirmed. See 8th Cir. R. 47B.

_____